■ In the Matter of DOLORES L. NORMAN, Respondent, v ALAN L. HAYSOM, Appellant. — Appeal from an order of the Family Court of Ulster County (Dixon, J.), entered May 4, 1981, which, *inter alia,* directed respondent to pay $8,943 for child support arrears. A judgment of divorce entered April 17, 1978, which incorporated a separation agreement, provided respondent was to pay petitioner $100 per week in child support ($50 for each of two children). This proceeding was initiated by petitioner to enforce the child support provision and to collect arrears of some $8,900. At the hearing, as now, petitioner proceeded *pro se* and the court examined respondent and his second wife. Respondent gave two reasons for not paying: (a) unemployment, purportedly due to ill health, and (b) because petitioner had allegedly denied him visitation rights. Following a two-day hearing, the court ordered that the arrears be paid in the amount of $25 per week and, in addition, continued the $100 weekly payments. On appeal, respondent urges that the court was not impartial, but improperly served as the petitioner's advocate. The record reveals that the court was simply attempting to elicit facts concerning respondent's true financial circumstances and his employment record, all relevant to his ability to meet his support obligations. The thorough examination undertaken by the court was necessary largely because respondent and his second wife were evasive and unresponsive. Moreover, the court accorded respondent an opportunity to substantiate his assertion of ill health, but even after being granted an adjournment to produce supportive medical evidence, he failed to do so. Neither did the court err in refusing to cancel the past arrears for respondent

admitted that he voluntarily left his former $24,500 a year position and thereafter refused to seek or accept work he considered to be menial. Finally, petitioner contradicted respondent's allegations that she denied him visitation rights, hence the court could properly find, as it did, that there was no deprivation of those rights such as to relieve respondent of his duty to pay child support. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.